[Civ. No. 26078. Second Dist., Div. Three. Nov. 15, 1962.]

JAMES J. CULLEN, Plaintiff and Appellant, v. HAROLD J. POWERS et al., Defendants and Respondents.

Alice Moriarty for Plaintiff and Appellant.

Arguello, Giometti, McCarty and Robert McGowan for Defendants and Respondents.

SHINN, P. J.—In this action Cullen and Associates, Inc., a corporation, seeks recovery of a balance claimed to be due for public relations services rendered and expenses incurred in behalf of a candidate for public office. The defendants are

Harold J. Powers, who was a candidate for reelection as Lieutenant Governor in 1958, and his campaign manager, John F. McCarthy.

The material issues were defined in a joint pretrial statement and order; it was agreed that plaintiff was employed by McCarthy, acting as campaign manager for Powers, and rendered the services as agreed. Plaintiff contended the employment was for a fixed fee of $20,000 plus campaign expenses incurred by plaintiff and that $13,001.76 remained due and unpaid. Defendants contended the agreement was for a maximum fee of $20,000 and expenses, but that payment was conditioned upon the receipt of campaign funds in an amount sufficient to meet the obligation to plaintiff "and conduct the campaign properly," and that plaintiff was paid the amount of funds available in accordance with the agreement. The pretrial order was modified to state the contention of defendants that J. Victor Manning was a partner or joint adventurer with plaintiff, which was denied by plaintiff. Another issue was whether plaintiff had complied with the provisions of the Elections Code, sections 11620 et seq., which have to do with the payment of debts incurred as campaign expenses. Findings were in favor of defendants on both defenses and plaintiff appeals from the ensuing judgment.

The court found that defendants contracted with plaintiff and J. Victor Manning "as joint venturers," to pay a reasonable fee, not to exceed $20,000 "conditioned upon the availability of funds in the said reelection campaign of defendant Powers with which to pay said reasonable fee. . . .," also that plaintiff was paid $9,630.31 as full reimbursement for expenses and in addition a reasonable fee of $9,313.69, and that no further or additional funds were available with which to pay more.

We have concluded that the court correctly determined that defendants fully performed their contract with plaintiff and that their obligation was fully discharged.

McCarthy was campaign manager for Powers with authority to incur campaign expenses limited to and payable only from total campaign contributions. The agreement was entered into orally between McCarthy, as campaign manager, and plaintiff and Manning. As campaign manager McCarthy signed a writing appointing plaintiff agency for public relations work in the counties of Los Angeles, San Bernardino, Orange and San Diego. The writing did not state the amount plaintiff was to be paid for either services or expenses incurred.

The versions of the agreement as related on the stand by Cullen and McCarthy differed materially. Cullen testified a flat fee of $20,000 and all expenses were to be paid, without condition. McCarthy testified that when Cullen asked for a $20,000 fee he replied that that was "ridiculous because we had twenty cents in the bank at that time." He offered Cullen employment on a contingency basis: "I will make every effort to pay you a fee as we go along. . . . I want you to work and I want to be able to raise enough money to pay you a fee, but on the basis that when the money comes in it will certainly be sent to you." Questioned by the court McCarthy testified respecting the conversation: "If sufficient money came in I certainly stated that I would be the first to send them as much as we possibly could and conduct the campaign properly."

As between the two versions we must, of course, accept the one which tends most strongly to support the findings.

Cullen was told, and he understood, that other people had been engaged to handle all the radio, T.V. and billboard publicity.

About $80,000 was received as contributions to the campaign. When the campaign was finished $1,200 remained in the fund. $200 was expended in payment of outstanding bills; $1,000 was paid to the widow of Manning, who had passed away after the election. Cullen had contracted debts in the campaign which remained unpaid, due to the fact that sums received had been applied to the fee account in amounts which left insufficient funds for payment of the debts Cullen had incurred.

At the time of trial there was a balance of $2,155.86 due a printing company for printing ordered by plaintiff and $600 to one Arnold.

Upon the appeal plaintiff properly refrains from questioning the sufficiency of the evidence to support the finding that both the fee and the expenses incurred were payable only from a special fund. Plaintiff contends that even on the contingency basis there was a sufficient fund, consisting of $80,000 or more, and that the maximum fee was payable therefrom. The court was therefore called upon to give meaning to the promise of McCarthy "If sufficient money came in I certainly stated that I would be the first to send them as much as we possibly could *and conduct the campaign properly.*" Inferentially, the court found that in the proper conduct of the campaign and the

allocation of funds for that purpose to the various media employed for the winning of votes in political contests, plaintiff received a fair share and was entitled to no more.

Cullen and Manning were experienced in the conduct of campaigns. Cullen knew all about the use of radio, T.V. and billboards and that these were being contracted for separately. It is not questioned that these forms of appeal to voters were necessary in order to conduct the campaign properly. It is contended in effect that in the allocation of the campaign funds plaintiff was to be a preferred creditor. This was not the agreement. It is not questioned that all the funds collected were used in conducting the campaign properly.

By their answer and their pretrial statement defendants asserted they had paid all expenses incurred by plaintiff and $7,000 as plaintiffs' fee. As previously stated, there remained at least $2,700 owing to Aldine Printing Company and Arnold. Plaintiff contends that defendants still owe the amount of the unpaid bills.

When McCarthy remitted sums he did not direct whether they should be applied to the obligation to pay a fee or to reimbursement of plaintiff for debts it had incurred. Plaintiff therefore contends that it had a right to apply the money to either account. This may be granted, but plaintiff could not, by the manner in which it applied the funds, increase the obligation of defendants. The amount of contributions that would be received was uncertain. When plaintiff applied sums upon its fee while there were outstanding obligations of its own, it ran the risk that future remittances might be insufficient to cover the bills. Defendants are not responsible for the existence of unpaid bills, and have no duty to pay them.

Plaintiff questions the sufficiency of the evidence to support the finding that plaintiff and Manning were joint adventurers, in contracting to render services for defendants. The finding is of no materiality except as it may have some bearing upon the payment of $1,000 to Mrs. Manning. The criticism of the finding is untenable. The evidence clearly warranted the finding of a joint venture. Manning had previously been associated with Cullen in an election campaign. Cullen enlisted Manning's services in the proposed Powers campaign. Manning was to receive for his services 50 per cent of the net profit of the venture. He had no drawing account, but received various sums from Cullen. He assisted in planning the campaign. He went with Cullen to Reno where they enlisted the

assistance of parties who recommended them to defendants. He was present and assisted in the negotiations when the contract was entered into. He was in charge of the work in San Diego County and did whatever was necessary in that locality in aid of the campaign. He discussed details of the campaign with McCarthy. He and Cullen, in their discussions with McCarthy, referred to themselves as ''we.'' From his discussions with them McCarthy understood they were partners. The name of plaintiff suggested such a relationship. Cullen was the one who handled the finances, but this was not inconsistent with the existence of a joint venture. The important facts were that McCarthy engaged the services of both men for a single undertaking, for a single basis of compensation to both men, believing them to be partners. All the elements of a joint venture relationship were present. (See 28 Cal.Jur.2d, Joint Adventurers, § 3.) Clearly, it was more reasonable for the court to find Cullen and Manning were joint adventurers than it would have been to find that Manning was merely an employee of Cullen.

 The evidence would indicate that McCarthy believed Mrs. Manning to be the representative of her husband's estate. The $1,000 was paid to her on account of the services of her husband who was interested to the extent of one-half of the net profit. Having received money that had been earned under the contract, Mrs. Manning would have had a duty to account for it to Cullen. During the trial Cullen made a settlement of accounts with Mrs. Manning. He paid her $100 and, presumably, permitted her to retain the $1,000. Upon these facts defendants had no duty to pay the money a second time.

Plaintiff complains of the failure of the court to make additional findings upon incidental and evidentiary facts. No more explicit or detailed findings were necessary. The findings which established that defendants have fully performed their contract upon their part amply support the judgment. Any additional findings would have served no useful purpose.

The briefs discuss the defense that plaintiff failed to comply with the requirements of the Elections Code with respect to the payment of bills for campaign expenses. (§§ 11620 et seq.) It is unnecessary to decide whether plaintiff omitted any essential steps of procedure before suing on its claim.

The judgment is affirmed.

Ford, J., and Files, J., concurred.